Approved: _____
Kyle A. Wirshba / Jacob H. Gutwillig
Assistant United States Attorneys

Before:  HONORABLE KEVIN N. FOX
         United States Magistrate Judge
         Southern District of New York

------------------------------------x
                                    :   **21 MAG 122**
UNITED STATES OF AMERICA             :
                                    :   <u>**SEALED COMPLAINT**</u>
         - v. -                      :
                                    :   Violations of 46 U.S.C. §§
JUAN FRANCISCO CUARTAS VILLEGAS,     :   70503(a)(1),
PABLO EFRAIN CAMERO BERNAL,          :   70504(b)(2), and
JOSE MARIA CASTILLO BERRIO, and      :   70506(a) & (b);
JESUS ALBERTO MORELO CASTILLO,       :   21 U.S.C. § 960(b)(1)(B);
                                    :   18 U.S.C. § 2
         Defendants.                 :
                                    :
------------------------------------x

SOUTHERN DISTRICT OF NEW YORK, ss.:

    ALEXA J. COOPER, being duly sworn, deposes and says that she is a Special Agent with the Drug Enforcement Administration ("DEA") and charges as follows:

<u>COUNT ONE</u>
(Conspiracy to Violate Maritime Drug Enforcement Laws)

    1.   In or about December 2020, on the high seas and elsewhere, JUAN FRANCISCO CUARTAS VILLEGAS, PABLO EFRAIN CAMERO BERNAL, JOSE MARIA CASTILLO BERRIO, and JESUS ALBERTO MORELO CASTILLO, the defendants, and others known and unknown, intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to violate the maritime drug enforcement laws of the United States.

    2.   It was a part and an object of the conspiracy that JUAN FRANCISCO CUARTAS VILLEGAS, PABLO EFRAIN CAMERO BERNAL, JOSE MARIA CASTILLO BERRIO, and JESUS ALBERTO MORELO CASTILLO, the defendants, and others known and unknown, while on board a vessel of the United States, knowingly and intentionally would and did distribute and possess with intent to distribute a controlled

substance, in violation of Title 46, United States Code, Section 70503(a)(1).

3. The controlled substance that JUAN FRANCISCO CUARTAS VILLEGAS, PABLO EFRAIN CAMERO BERNAL, JOSE MARIA CASTILLO BERRIO, and JESUS ALBERTO MORELO CASTILLO, the defendants, conspired to distribute and possess with intent to distribute, while on board a vessel of the United States, was five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 46, United States Code, Section 70506(a) and Title 21, United States Code, Section 960(b)(1)(B).

(Title 46, United States Code, Sections 70506(b) and 70504(b)(2); Title 21, United States Code, Section 960(b)(1)(B).)

COUNT TWO
(Violation of Maritime Drug Enforcement Laws)

4. In or about December 2020, on the high seas and elsewhere, JUAN FRANCISCO CUARTAS VILLEGAS, PABLO EFRAIN CAMERO BERNAL, JOSE MARIA CASTILLO BERRIO, and JESUS ALBERTO MORELO CASTILLO, the defendants, while on board a vessel of the United States, knowingly and intentionally distributed and possessed with intent to distribute five kilograms and more of mixtures and substances containing a detectable amount of cocaine.

(Title 46, United States Code, Sections 70503(a)(1), 70504(b)(2), and 70506(a); Title 21, United States Code, Section 960(b)(1)(B); Title 18, United States Code, Section 2.)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

5. I am a Special Agent with the DEA and I have been personally involved in the investigation of this matter. This affidavit is based on my personal participation in the investigation of this matter and my conversations with other law enforcement officers and others, as well as a review of documents and other records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

6.  Based on my participation in this investigation, my review of documents and other records, and my conversations with other law enforcement officers and others, including U.S. Coast Guard personnel, I have learned the following, in substance and in part:

a.  In or about December 2020, a DEA confidential source ("CS-1")[1] informed law enforcement, in sum and substance, that an individual known to CS-1 as someone who creates fiberglass compartments on ships to store contraband had worked on a particular vessel in the port in Cartagena, Colombia (the "Vessel"). CS-1 also told law enforcement, in sum and substance, that the Vessel was soon going to depart Cartagena with crew that included PABLO EFRAIN CAMERO BERNAL, the defendant, who CS-1 understood to have been involved in narcotics smuggling activity.

b.  On or about December 28, 2020, a maritime patrol aircraft identified the Vessel in international waters approximately 100 nautical miles southeast of Kingston, Jamaica. The aircraft alerted a U.S. Coast Guard cutter, which sought to intercept the Vessel. As they approached, U.S. Coast Guard personnel observed that the back of the Vessel was marked with the name of the Vessel and the location of a particular city in the southeastern United States, and that the Vessel was flying a United States flag. Below is a photograph taken by U.S. Coast Guard personnel of the Vessel:



c.  Upon approaching the Vessel, U.S. Coast Guard personnel spoke with JUAN FRANCISCO CUARTAS VILLEGAS, the defendant, who identified himself as the Vessel's "master," about

---

[1] Since 2011, CS-1 has been providing information to the DEA in exchange for monetary compensation. In 2004, CS-1 pled guilty to federal narcotics charges. To date, information provided by CS-1 has proven truthful and reliable, and been corroborated by independent evidence, including seizures of narcotics.

the registration for the Vessel. CUARTAS VILLEGAS stated, in sum and substance, that the Vessel was registered in the United States, which U.S. Coast Guard personnel later confirmed through relevant databases.

        d.   U.S. Coast Guard personnel then boarded the Vessel and conducted a vessel safety inspection, which revealed what appeared, based on the boarding team's training and experience, to be irregularities in certain of the Vessel's features, including with respect to its hull length and the presence of fresh epoxy and new sealant.

        e.   After observing these apparent irregularities, U.S. Coast Guard personnel used an ion scanner[2] to test one of the ladders on the main deck of the Vessel, and the scanner detected the presence of cocaine. Having detected the presence of cocaine, U.S. Coast Guard personnel conducted a search of the Vessel, including by boring a hole into what appeared to be an empty space at the back of the Vessel. In this space, Coast Guard personnel found numerous bales, or large bundles, of what they believed, based on their training, experience, and the prior ionscan results, to be cocaine. In total, the bales from this space weighed approximately 272 kilograms and a sample from one of the bales field-tested positive for the presence of cocaine. In total, the bales weighed approximately 272 kilograms. Below is a photograph taken by U.S. Coast Guard personnel of some of those bales:

---

[2] Based on my training, experience, and open source information, I know that ion scanners are commonly used to detect trace amounts of substances, including narcotics.

f. In their search of what CUARTAS VILLEGAS identified as his quarters, the U.S. Coast Guard also found in a locked drawer underneath the bed two firearms, which appeared to be a semiautomatic pistol and a semiautomatic shotgun, as well as associated ammunition and magazines, which are depicted below.




g. During the search, U.S. Coast Guard personnel detained CUARTAS VILLEGAS, as well as the other three individuals on the Vessel, subsequently identified as PABLO EFRAIN CAMERO BERNAL, JOSE MARIA CASTILLO BERRIO, and JESUS ALBERTO MORELO CASTILLO, the defendants.

h. The U.S. Coast Guard also found aboard the Vessel four passports in the names of and with photographs appearing to depict CUARTAS VILLEGAS, CAMERO BERNAL, CASTILLO BERRIO, and MORELO CASTILLO. The passport in the name of and appearing to depict CUARTAS VILLEGAS was issued by the United States; each of the other three passports, in the name of and appearing to depict CAMERO BERNAL, CASTILLIO BERRIO, and MORELO CASTILLO, was issued by Colombia. CUARTAS VILLEGAS later stated to law enforcement, in sum and substance, that CAMERO BERNAL, CASTILLIO BERRIO, and MORELO CASTILLO did not participate in cocaine trafficking on the Vessel.

i. Coast Guard continued its search later when the Vessel could be safely dismantled and found additional bales that Coast Guard personnel believed, in their training, experience, and based on the ion scan and field test results, to be cocaine, weighing approximately 233 kilograms, brining the total weight to approximately 505 kilograms.

WHEREFORE, deponent respectfully requests that warrants be issued for the arrests of JUAN FRANCISCO CUARTAS VILLEGAS, PABLO EFRAIN CAMERO BERNAL, JOSE MARIA CASTILLO BERRIO, and JESUS ALBERTO

MORELO CASTILLO, the defendants, and that they be imprisoned or bailed, as the case may be.

                                s/Alexa J. Cooper by KNF, USMJ
                                ALEXA J. COOPER
                                Special Agent
                                Drug Enforcement Administration

Sworn to me through the transmission of this Complaint by reliable electronic means, pursuant to Rule 4.1 of the Federal Rules of Criminal Procedure, this 7 day of January, 2021

*Kevin Nathaniel Fox*
_____
HONORABLE KEVIN N. FOX
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK